UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES H. BEAUCHMAN,<br><br>Defendant. | CASE NO. CR04-0572JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court is Defendant James H. Beauchman's *pro se* motion for a reduction in his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (Mot. (Dkt. # 241).) Mr. Beauchman believes that he is "eligible for the two level reduction, made retroactive November 1, 2023, by the U.S. Sentencing Commission" and asks the court to "re-sentence [him] accordingly." (*Id.*) Plaintiff the United States of America ("the Government") opposes the motion. (*See* Resp. (Dkt. # 244).) Mr. Beauchman did not file a reply in support of his motion, and the

ORDER- 1

Federal Public Defender did not seek appointment with respect to the motion. (*See generally* Dkt.) The court has considered the parties' briefing, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Beauchman's motion for the reasons stated below.

## II.     BACKGROUND

Mr. Beauchman was sentenced on November 28, 2005, following his convictions for (1) conspiracy to manufacture 500 grams or more of a mixture or substance containing methamphetamine, (2) possession with intent to distribute 50 grams or more of methamphetamine, (3) maintaining a drug-involved premises, and (4) possession of a firearm in furtherance of a drug-trafficking crime. (Judgment (Dkt. # 176) at 1-3.) At that time, the court calculated Mr. Beauchman's total offense level for the three combined drug offenses as Level 38 and his criminal history category as V. (11/28/05 Tr. (Dkt. # 198) at 30:15-18.) The court calculated the resulting Sentencing Guidelines range for the drug offenses as 360 months to life. (*Id.* at 19:22-20:4.) The court then sentenced Mr. Beauchman to 300 months of imprisonment (240 months for the drug charge plus 60 months consecutive for the firearms charge), which was below the low end of the applicable range. (*Id.* at 25:23-26:16; *see also* Judgment at 3.)

## II.     ANALYSIS

The court begins with the principle that a "judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817,

824 (2010) (internal quotations omitted). 18 U.S.C. § 3582(c)(2) carves an exception to the general rule of finality, providing that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). To qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). The court lacks jurisdiction to grant a sentence reduction absent these two requirements. *See United States v. Wessen*, 583 F.3d 728, 730-31 (9th Cir. 2009).

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *See Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023); *Amendment 821*, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited Feb. 16, 2024). "Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria." *United States v. Diaz-Diaz*, No. CR19-0187JCC, 2023 WL 9040636, at *1 (W.D. Wash. Dec. 29, 2023); *see also* U.S.S.G. § 4C1.1(a). Mr.

ORDER- 3

Beauchman's criminal history level at sentencing, however, was V. (*See* 11/28/05 Tr. at 19:22-20:7 (noting that Mr. Beauchman had 28 criminal history points at the time he was sentenced).) As a result, Mr. Beauchman does not qualify for Amendment 821's two-level reduction in the offense level and his sentencing range remains unchanged. *See Diaz-Diaz*, 2023 WL 9040636, at *1. Therefore, the court lacks jurisdiction under 18 U.S.C. § 3582(c)(2) to grant Mr. Beauchman's request for a sentence reduction and must deny his motion. *Waters*, 771 F.3d at 680; *Wessen*, 583 F.3d at 730-31.

### III.   CONCLUSION

For the foregoing reasons, the court DENIES Mr. Beauchman's motion for a reduction of his sentence (Dkt. # 241.)

Dated this 20th day of February, 2024.

JAMES L. ROBART
United States District Judge

ORDER- 4